**Charanjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72471.

Agency No. A71–786–358.

United States Court of Appeals, Ninth Circuit.

Submitted July 23, 2004.*

Decided Aug. 16, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[redacted]

Charanjit Singh, Forks, WA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Terri J. Scadron, Esq., Nelda C. Ackerman, U.S. Department of Justice, Washington, DC, for Respondent.

[redacted]

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Charanjit Singh, a native and citizen of India, petitions pro se for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge denying Singh's applications for asylum, withholding of removal, and protection under the Convention Against Torture (the Convention). The BIA determined that Singh had not met his burden of demonstrating a well-founded fear of persecution. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

An applicant is eligible for asylum if he or she is unable or unwilling to return to his or her country of origin because of a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Substantial evidence supports the BIA's determination that Singh did not establish that he faces a well-founded fear of persecution on account of a qualifying ground. Singh has converted to Christianity. Singh had limited involvement with the Sikh Student Federation over fifteen years ago. Singh presented no compelling evidence that he was of continued interest and would be persecuted on account of his race, religion, nationality, or political opinion if he returned to India. *See Cruz-Navarro v. INS,* 232 F.3d 1024, 1029–30 (9th Cir. 2000).

Because Singh did not establish eligibility for asylum, he did not satisfy the more stringent standard for withholding of exclusion and deportation. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). Singh is not entitled to relief under the Convention because he failed to demonstrate that it was more likely than not that he would be tortured upon return to India. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

[redacted]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.